UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATALIE R CABAN,

    Plaintiff,

v.     Case No: 5:20-cv-466-Oc-30PRL

MATTHEW LUCHENBURG and
DEPARTMENT OF CHILDREN AND
FAMILIES,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, has filed a cursory complaint asserting a violation of civil rights against Matthew Luchenburg and the Department of Children and Families. (Doc. 1). Plaintiff has filed a motion to proceed *in forma pauperis*. (Doc. 3). By prior order, the court conducted a frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and granted Plaintiff until October 12, 2020 to file an amended complaint. (Doc. 6). While Plaintiff filed a second supplement to her complaint (Doc. 7), she has failed to file an amended complaint, and the time for doing so has expired. For the following reasons, Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) should be denied and the complaint (Doc. 1) should be dismissed.

    I.    LEGAL STANDARDS

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief. *Id.* 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir. 2000).

**II.   DISCUSSION**

As discussed in the court's prior order, Plaintiff's complaint fails to meet any of the pleading requirements set forth in the Federal Rules of Civil Procedure. Plaintiff's complaint does

not contain a short plain statement of the claim, as required by Rule 8, nor does it delineate the alleged causes of action into counts or another organized manner as required by Rule 9. Although Plaintiff is proceeding *pro se*, she is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Washington v. Dept. of Children and Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Plaintiff's complaint focuses on the removal of her child and the subsequent state child custody proceedings that resulted. (Doc. 1). The supplemental information filed by the plaintiff details complaints she has with the attorney that represented her in the proceedings. (Doc. 7). Plaintiff states that Mr. Luchenburg unlawfully removed her child without a court order and claims that the Department of Children and Families violated Florida Statute § 39.401. If the plaintiff is attempting to proceed under a Florida law, she must first establish diversity jurisdiction. Diversity of citizenship jurisdiction requires that the action be "between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). A "plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth,* 428 F.3d 1317, 1321 n. 2 (11th Cir.2005). Plaintiff is a Florida resident and she is suing a Florida state agency and an employee of that agency, thus, there is not complete diversity. *See Wisconsin Dept. of Corr. v. Schacht,* 524 U.S. 381, 388 (1998) (ruling diversity of citizenship jurisdiction is destroyed by the mere presence of one non-diverse defendant). Moreover, Plaintiff has failed to allege any facts suggesting that the amount in controversy exceeds the requisite $75,000.00. Accordingly, diversity of citizenship jurisdiction does not exist.

As to federal question jurisdiction, Plaintiff merely included in the caption of her complaint that the suit was for "violation civil rights and motion for dismissal" but failed to specify the basis of her claims. To the extent that Plaintiff is seeking to void prior state court judgments, the court lacks jurisdiction over such claims under the *Rooker-Feldman* doctrine. *See D.C. Court of Appeals*

*v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Brown v. Coffin*, 766 F. App'x 929, 931 (11th Cir. 2019) (applying the *Rooker-Feldman* doctrine to the review of a state court child support proceeding). "The doctrine is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments." *Alvarez v. Att'y Gen. for Fla.,* 679 F.3d 1257, 1262 (11th Cir. 2012). It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* The doctrine "operates as a bar to federal court jurisdiction where the issue before the court was inextricably intertwined with the state court judgment" such that "the federal claim would succeed only to the extent that the state court wrongly decided the issues." *Id.* at 1262–63 (quotation marks omitted). Accordingly, the court lacks jurisdiction over the plaintiff's claims in this case.

### III.    RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be **DENIED**, and the Complaint (Doc. 1) be **DISMISSED**.

Recommended in Ocala, Florida on October 14, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy